IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DAVID R. AMBROSE, II,

              Plaintiff,

vs.

UNIVERSITY OF ALASKA FAIRBANKS, CDC, DEA, FBI, U.S. CONGRESS, U.S. CORPORATION, and FOUNDATION HEALTH PARTNERS.,

              Defendants.

Case No. 4:20-cv-00043-RRB

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**

On December 31, 2020, David R. Ambrose, II, a self-represented litigant, filed a Motion for Injunction and or Revote.[1] Mr. Ambrose filed a civil complaint on December 10, 2020, along with an Application to Procced without Prepayment of the Filing Fee, subject to pre-litigation screening under 28 U.S.C. § 1915.[2] Screening on the Complaint is pending. As such, Defendants have not made an appearance in this action.

---

[1] Docket 9.
[2] Dockets 1 & 2; *see, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (holding that pre-litigation screening applies to both prisoners and non-prisoner litigants seeking to proceed *in forma pauperis*).

I.      ALLEGATIONS

Mr. Ambrose moves for "an injunction into the 2020 election certifications."[3] He alleges "a violation of the equal protection clause and 1st [A]mendment voting right."[4] Mr. Ambrose further alleges that he "voted based on a statistically likely outcome based on the electoral college that may have been manipulated by policy and science, arbitrarily."[5]

In support of his motion, Mr. Ambrose encloses a letter to the Court. In his letter, Mr. Ambrose discusses concerns raised in other pending motions before the Court and the claims raised generally in his Complaint.[6] The core of his motion for injunctive relief is that Mr. Ambrose is concerned about public safety regarding the possibility of environmental toxics present in residential dwellings and public health guidance on encouraging the public to stay at home and wear face coverings.[7] Mr. Ambrose states:

> The question remains as to whether or not the advice for keeping people in homes instead of specifically out of them was done intentionally, and whether or not anyone had knowledge that environmental toxins in homes, wearing masks, or lack of disseminated information could or may have been used as a[n] arbitrary pretext to adjust the laws in preparation for the 2020 election.[8]

---

[3] Docket 9 at 1.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 3 ("If I had a wish it would be to amend my complaints with the assistance of counsel as well in obtaining information and evidence. . . . I think a crucial component to my case is in obtaining environmental toxicology information from my prior residence at 2338 B-line ct, as well as from the UAF large animal research station. I cannot legally do that without specialist assistance from the government, or financial assets allocated for me."); *see* Dockets 2, 6, and 7.
[7] Docket 9 at 3.
[8] *Id.*

*Ambrose v. University of Alaska Fairbanks, et al.*  Case No. 4:20-cv-00043-RRB
Order Denying Motion for Injunctive Relief  Page 2
Case 4:20-cv-00043-RRB   Document 12   Filed 01/12/21   Page 2 of 7

He alleges that "the basic assertion of my claim is in my inability to treat myself/get treatment, as well as within the bounds of my [sic], and violations to my [F]irst [A]mendment . . . . as a result of these shutdowns and policy changes my health and ability to get treatment was affected and I believe it may be affecting others."[9]

As his second exhibit, Mr. Ambrose submits a thread of emails between himself and the Director of the Department of Equity and Compliance for the University of Alaska Fairbanks.[10] The emails indicate that Mr. Ambrose submitted various allegations to the Department for investigation, which were organized into four groups. Three of the matters were closed and one was referred to UAF Human Resources. There are no factual descriptions or further explanations to the events or incidents referenced.[11]

II. <u>LEGAL STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF</u>

A Plaintiff seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[12] Under this standard, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."[13] In the Ninth Circuit, a sliding scale analysis may be applied in weighing

---

[9] *Id.*
[10] *Id.* at 4.
[11] *See id.* at 4–6.
[12] *Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).
[13] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original).

*Ambrose v. University of Alaska Fairbanks, et al.*     Case No. 4:20-cv-00043-RRB
Order Denying Motion for Injunctive Relief     Page 3
Case 4:20-cv-00043-RRB   Document 12   Filed 01/12/21   Page 3 of 7

factors (1), the likelihood of success on the merits, and (3), the balance of equities.[14] Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[15] Accordingly, the Court considers the likelihood of success of Mr. Ambrose's underlying claims to determine if a preliminary injunction is warranted.

III. EQUAL PROTECTION CLAIM

Mr. Ambrose claims that his rights have been violated under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the law."[16] In essence, the Clause "direct[s] that all persons similarly situated should be treated alike."[17] The Supreme Court has recognized "equal protection claims brought by a 'class of one,'" where a plaintiff alleged "that she had intentionally been treated differently from others similarly situated and that there is no rational basis for the difference in treatment."[18] In order to make a "class of one" equal protection claim, a plaintiff must allege three elements: the defendants "(1) intentionally (2) treated [the plaintiff] differently than other similarly situated, (3) without a rational basis."[19]

---

[14] *Id.* at 1131–32.
[15] *Sierra Forest*, 577 F.3d at 1022 (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).
[16] U.S. Const. amend. XIV.
[17] *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).
[18] *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).
[19] *Gerhart v. Lake County, Mont.,* 637 F.3d 1013, 1022 (9th Cir.), *cert. denied,* ––– U.S. ––––, 132 S. Ct. 249 (2011) (rational basis is the most common doctrine governing equal protection claims and requires that a law or policy must be rationally related to a legitimate state interest, *see Hodel v. Indiana*, 452 U.S. 314, 331–32 (1981)).

*Ambrose v. University of Alaska Fairbanks, et al.* Case No. 4:20-cv-00043-RRB
Order Denying Motion for Injunctive Relief Page 4
Case 4:20-cv-00043-RRB   Document 12   Filed 01/12/21   Page 4 of 7

Mr. Ambrose alleges general questions around public health policy and the recent 2020 presidential election.[20] He does not allege that these broad public health policies intentionally caused him to be treated differently than other similarly situated Alaskans without a rational basis. The elements of an equal protection claim have not been alleged here.

## IV. FIRST AMENDMENT CLAIM

Mr. Ambrose also alleges that his First Amendment right to vote has been violated, "based on a statistically likely outcome based on the electoral college that may have been manipulated by policy and science, arbitrarily."[21]

The right to vote is not articulated in the First Amendment.[22] In fact, the right to vote does not appear in the U.S. Constitution until the Fifteenth, Nineteenth, Twenty-fourth, and Twenty-sixth Amendments.[23] However, the Supreme Court has recognized the right to vote under the First and Fourteenth Amendments of the U.S. Constitution.[24] Historically and for almost a century after its inception, the U.S. Constitution did "not confer the right of suffrage upon any one,"[25] and that "the right to

---

[20] *See* Docket 9.
[21] *Id.* at 1.
[22] U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").
[23] U.S. Const. amends. XV, XIX, XXIV, and XXVI (the right to vote shall not be denied or infringed "on account of race, color, or previous condition of servitude" (Fourteenth Amendment); "on account of sex" (Nineteenth Amendment); "by reason of to pay any poll tax or other tax" (Twenty-fourth Amendment); "on account of age" (Twenty-sixth Amendment granting universal suffrage to citizens at 18 years of age).
[24] *See Burdick v. Takushi*, 504 U.S. 428 (1992).
[25] *Minor v. Happersett*, 88 U.S. 162, 178 (1874).

*Ambrose v. University of Alaska Fairbanks, et al.*             Case No. 4:20-cv-00043-RRB
Order Denying Motion for Injunctive Relief             Page 5
Case 4:20-cv-00043-RRB    Document 12    Filed 01/12/21    Page 5 of 7

vote, *per se*, [was] not a constitutionally protected right."[26]  Amendments to the Constitution later enshrined the right to vote.[27]  However, states retain "broad power to prescribe the Times, Places and Manner of holding Elections for Senators and Representatives."[28]  When evaluating election laws, courts must strike a balance between the right of the state to manage its elections and the right of the individual to vote.[29]

Mr. Ambrose does not allege that an election law has infringed upon his right to vote, but instead expresses distrust in public health policies that "could or may have been used as an arbitrary pretext to adjust the laws in preparation for the 2020 election."  This allegation does not allege a violation of Mr. Ambrose's right to vote, but of a general conjecture.  The motion does not state sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[30]  Further, the U.S. Congress held a joint session, heard objections, and certified the votes of the Electoral College on January 6, 2021,[31] making Mr. Ambrose's request for relief under the First Amendment moot.[32]

V.   CONCLUSION

In assessing the elements for a preliminary injunction, Mr. Ambrose has not demonstrated that he is likely to win on the merits of his Equal Protection Clause claim,

---

[26] *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 35, n.78, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973).
[27] *Supra* note 22.
[28] *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 217 (1986).
[29] *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 451 (2008).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[31] 167 CONG. REC. 4 (2021).
[32] The Court declines to address whether it could grant such relief, even if relief was not moot.

*Ambrose v. University of Alaska Fairbanks, et al.*  Case No. 4:20-cv-00043-RRB
Order Denying Motion for Injunctive Relief  Page 6
Case 4:20-cv-00043-RRB   Document 12   Filed 01/12/21   Page 6 of 7

because he has not alleged the required essential elements as a threshold matter. Further, Mr. Ambrose has not demonstrated he is likely to win on the merits of his First Amendment claim, because he has not sufficiently plead factual material to state a claim. Accordingly, Mr. Ambrose has not shown that he is likely to succeed on the merits of his claims. As Mr. Ambrose has not fulfilled the first threshold element for granting a preliminary injunction, the Court need not reach a conclusion as to the other elements for injunctive relief. Therefore, the Motion for Injunction or Revote at Docket 9 is **DENIED**.

IT IS SO ORDERED this 11th day of January, 2020, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Ambrose v. University of Alaska Fairbanks, et al.* Case No. 4:20-cv-00043-RRB
Order Denying Motion for Injunctive Relief Page 7
Case 4:20-cv-00043-RRB   Document 12   Filed 01/12/21   Page 7 of 7