IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID R. AMBROSE, II,<br><br>    Plaintiff,<br><br> vs.<br><br>UNIVERSITY OF ALASKA FAIRBANKS, CDC, DEA, FBI, U.S. CONGRESS, U.S. CORPORATION, and FOUNDATION HEALTH PARTNERS.,<br><br>    Defendants. | Case No. 4:20-cv-00043-RRB |

## ORDER DENYING MOTION FOR SPECIAL REQUEST

On January 6, 2020, David R. Ambrose, II, a self-represented litigant, filed two Motions for Special Request.[1] Mr. Ambrose filed a civil complaint on December 10, 2020, along with an Application to Procced without Prepayment of the Filing Fee, subject to pre-litigation screening under 28 U.S.C. § 1915.[2] Screening on the Complaint is pending. As such, the Defendants have not made an appearance in this action.

---

[1] Dockets 10 & 13.
[2] Dockets 1 & 2; see, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (holding that pre-litigation screening applies to both prisoners and non-prisoner litigants seeking to proceed in forma pauperis.).

## I. Allegations

At Docket 10, Mr. Ambrose moves the Court to "order all 50 states to conduct fair paper balloting," because of "arbitrary election process."[3] At Docket 13, he moves the Court to "allow Trump to rerun on a new ticket if he so chooses" for "personal reasons" not further elaborated by Mr. Ambrose.[4]

## II. Motions

Motions made to this Court must include "(1) a brief statement of the requested relief; (2) a brief discussion of applicable points and authorities; and (3) supporting admissible evidence with deposition evidence restricted to relevant excerpts."[5] Mr. Ambrose does not provide the Court with any authority or evidence on which to grant his motion.

## III. Relief Cannot be Granted

Mr. Ambrose requests relief that this Court cannot grant. At the core of both Mr. Ambrose's requests is the desire for the 2020 presidential election to be recast. However, the U.S. Constitution, in addition to state and federal election law, hold strict procedures and mandates regarding presidential elections. This includes the day upon which the election is held, the individual state procedures for vote counting and recounting, the certifying of each state's results, the casting of the ballots by the Electoral College electors of each state, and the certifying of the

---

[3] Docket 10 at 1.
[4] Docket 10 at X.
[5] Local Civil Rule 7.1(a).

4:20-cv-00043-RRB, *Ambrose v. University of Alaska Fairbanks, et al*
Order Denying Motion for Special Request
Page 2 of 3
Case 4:20-cv-00043-RRB   Document 14   Filed 01/14/21   Page 2 of 3

Electoral College certificates.[6] On January 6, 2021, the last stage of this election process occurred when the U.S. Congress held a joint session, heard objections, and subsequently certified the votes of the Electoral College.[7] The Court cannot grant the relief that Mr. Ambrose requests.

IV. Conclusion

Mr. Ambrose has not submitted authorities or evidence to support his motions, nor can this Court grant the relief requested. Accordingly, the Motion for Special Request at Docket 10 is **DENIED**.

**IT IS SO ORDERED.**

DATED at Anchorage, Alaska, this 13th day of January, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[6] *See* U.S. Const. amends. XII & XX; 3 U.S.C. § 1, *et seq.*; *see generally Bush v. Gore*, 531 U.S. 98, 112–13 (2000) (Rehnquist, J., concurring); Katherine Wiles, *How the Election Certification Process Works, and Why It Matters*, MARKETPLACE (Nov. 13, 2020), https://www.marketplace.org/2020/11/13/how-election-certification-works-when-will-2020-be-certified/.

[7] 167 CONG. REC. 4 (2021).

4:20-cv-00043-RRB, *Ambrose v. University of Alaska Fairbanks, et al*
Order Denying Motion for Special Request
Page 3 of 3
Case 4:20-cv-00043-RRB   Document 14   Filed 01/14/21   Page 3 of 3